UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Auto Club Insurance Association | Civil Action No. |
| Plaintiff, | |
| vs. | COMPLAINT FOR DECLARATORY JUDGMENT |
| Sentry Insurance a Mutual Company, Jeffrey William Kreml, Jason John McCann, Life Time Fitness, Inc. and The Midwestern Indemnity Company, | 10CV4044 PJS/JSK |
| Defendants. | DEMAND FOR JURY TRIAL |

*RECEIVED BY MAIL SEP 24 2010 CLERK, U.S. DISTRICT COURT ST. PAUL MN*

---

Plaintiff Auto Club Insurance Association, for its Complaint for Declaratory Judgment, states and alleges as follows:

**PARTIES**

1.   Plaintiff Auto Club Insurance Association ("Auto Club") is an insurance company incorporated in the State of Michigan and with its principal place of business in Dearborn, Michigan.

2.   Auto Club has been an insurer licensed to do business in the State of Minnesota at all times relevant herein.

3.   Sentry Insurance a Mutual Company ("Sentry") is an insurance company incorporated in the State of Wisconsin and with its principal place of business in Stevens Point, Wisconsin.

4.   Jeffrey William Kreml ("Kreml") was a citizen of the State of Minnesota residing in St. Paul, Minnesota at all times relevant herein.

SCANNED
SEP 24 2010
U.S. DISTRICT COURT ST. PAUL

5. Jason John McCann ("McCann") was a citizen of the State of Minnesota residing in Medina, Minnesota at all times relevant herein.

6. Life Time Fitness, Inc. ("Life Time Fitness") is a Minnesota corporation with its principal place of business in Chanhassen, Minnesota.

7. The Midwestern Indemnity Company ("Midwestern") is an insurance company incorporated in the State of Ohio and with its principal place of business in Loveland, Ohio.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff and all Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because one or more Defendants reside in this judicial district.

9. An actual controversy exists among the parties and as such, this Court, pursuant to 28 U.S.C. § 2201, is vested with the authority to determine the rights and obligations of the parties.

## GENERAL ALLEGATIONS

10. Kreml served an Amended Complaint on McCann and Life Time Fitness, a copy of which is attached hereto as Exhibit A.

11. McCann served an Answer to Amended Complaint, a copy of which is attached hereto as Exhibit B, and which is incorporated herein by reference. In his Answer, McCann denied any and all liability to Kreml.

12. In his Amended Complaint, Kreml asserts that on September 4, 2008, a motor vehicle accident occurred at or near the intersection of 11th Avenue and 3rd Street in the City of

Minneapolis, County of Hennepin, State of Minnesota. Kreml asserts that he was stopped at a stop light and that McCann struck his vehicle in the rear.

13. Kreml was operating his vehicle in the course and scope of his employment at the time of the accident, and Midwestern, the workers' compensation insurer for Kreml's employer, provided workers' compensation benefits to and on behalf of Kreml. Midwestern has asserted a subrogation claim secondary to its payment of workers' compensation benefits.

14. On the date of the alleged accident, Kreml and McCann assert that McCann was operating his vehicle in the course and scope of his duties as an employee of Life Time Fitness.

15. At the time of the accident, McCann was driving a 1995 Chevy Blazer, which was owned by McCann and was insured by Auto Club under policy no. AUTO00704055. Auto Club assumed McCann's defense during the course of the litigation commenced by Kreml. A copy of Auto Club's policy of insurance is attached hereto as Exhibit C.

16. Auto Club's policy of insurance provides as follows with regard to "other insurance":

**OTHER INSURANCE**

1. If the **car** involved in a loss and described on the Declaration Certificate is also covered by other liability insurance, **we** will pay the ratio of **our** Limit of Liability to the total applicable Liability Limit.

17. At the time of the accident, Life Time Fitness was insured by Sentry under policy no. 90-16645-02-00-071. Sentry assumed the defense of Life Time Fitness during the course of the litigation commenced Kreml. A copy of Sentry's policy of insurance is attached hereto as Exhibit D.

18. At the time of the accident, Sentry's policy of insurance provided as follows with regard to "Named Insureds":

ADDITIONAL NAMED INSUREDS - AMENDED

The persons or organizations named below are named insureds under this policy.

LIFE TIME FITNESS, INC.
LIFE TIME FITNESS, INC. AND ITS SUBSIDIARIES

* * *

AND ANY OTHER DIVISIONS, SUBSIDIARIES AND PERSONS AND ORGANIZATIONS UNDER THE CONTROL OF THE NAMED INSURED, AND ANY BUSINESS ENTITY INCORPORATED OR ORGANIZED UNDER THE LAWS OF THE UNITED STATES OF AMERICA (INCLUDING ANY STATE THEREOF), ITS TERRITORIES OR POSSESSIONS WHILE THE ORGANIZATION NAMED MAINTAINS, DURING THE POLICY PERIOD, AN OWNERSHIP OR MAJORITY INTEREST IN SUCH ENTITY. THIS CLAUSE IS SUBJECT TO THE ACQUISITION REPORTING PROVISIONS AS OUTLINED IN THE POLICY.

19. Sentry's policy of insurance goes on to provide as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

20. Sentry's policy of insurance provides as follows with regard to business auto liability coverage:

SECTION II – LIABILITY COVERAGE

A. COVERAGE

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

21. With regard to liability coverage, Sentry's policy defines an "insured" as follows:

1. WHO IS AN INSURED

The following are "insureds":

a. You for any covered "auto".

22. For the purposes of liability coverage, Sentry's policy provides that "any 'auto'" is a "covered auto."

23. Sentry's policy of insurance provides as follows with regard to "other insurance":

4

B.   GENERAL CONDITIONS

\* \* \*

5.   OTHER INSURANCE

    a.   For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

\* \* \*

    d.   When this Coverage Form and any other coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

24.   The defense of McCann was tendered to Sentry on September 25, 2009. Sentry rejected the tender of defense submitted by Auto Club.

## CLAIM FOR RELIEF

25.   Auto Club repeats and realleges, as though fully set forth herein, Paragraphs 1 through 24 of this Complaint for Declaratory Judgment.

26.   As the insurer of the vehicle McCann owned and was driving on the date of the accident, Auto Club provided primary liability insurance coverage.

27.   McCann was under the control of Life Time Fitness, or one of its subsidiaries, at the time of the accident, and therefore, he is a "Named Insured" under the Sentry policy of insurance.

28.   McCann was a "Named Insured" driving a "covered auto" under the Sentry policy of insurance at the time of the September 4, 2008 accident.

29.   Based on the foregoing, Sentry's policy of insurance, with regard to McCann, also provided primary liability coverage, and due to the fact that Sentry's policy provides coverage on

5

the same basis as Auto Club's, the policies can be read harmoniously and provide coverage on a *pro rata* basis, or in proportion to their respective limits of coverage.

30. Auto Club's policy of insurance provides bodily injury liability coverage of $100,000. Sentry's policy of insurance provides bodily injury liability coverage of $1 million. Therefore, Sentry owes a duty to McCann to provide 91% of any and all defense and indemnity costs and expenses arising out of the above-referenced litigation. Auto Club owes a duty to McCann to provide 9% of any and all defense and indemnity costs and expenses arising out of the above-referenced litigation.

**WHEREFORE**, Plaintiff Auto Club Insurance Association prays for declaratory judgment from this Court as follows:

1. Declaring that Sentry Insurance a Mutual Company affords primary bodily injury liability coverage to Jason John McCann with regard to the September 4, 2008 motor vehicle accident.

2. Declaring that Sentry Insurance a Mutual Company and Auto Club Insurance Association provide co-primary bodily injury liability coverage to Jason John McCann with regard to the September 4, 2008 motor vehicle accident, and therefore, Sentry and Auto Club shall provide a defense and indemnity on a *pro rata* basis.

3. Granting such other and further relief as the Court deems just and equitable.

**JOHNSON & LINDBERG, P.A.**

Dated: September 17, 2010        By: _____
                                  John R. Crawford, #158033
                                  Jason M. Hill, #298438
                                  Attorneys for Plaintiff
                                  7900 International Drive, Suite 960
                                  Minneapolis, MN 55425-1582
                                  (952) 851-0700